Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the New York State Department of Social Services. Petitioner and her child are recipients of Aid to Families with Dependent Children. When certified for assistance by the local agency (Albany County Department of Social Services), she stated that she had no resources, and did not disclose her ownership of a 1967 Chevrolet automobile, which was later discovered by the local agency, and which it valued at $300. The local agency determined that petitioner’s car was not essential to health, living requirements, or to the production of income (18 NYCRR 352.15 [d]), and advised petitioner that the car must be liquidated and the proceeds applied against need for public assistance (18 NYCRR 352.16 [a]). When petitioner refused to comply with this directive, she was notified of the agency’s intention to discontinue public assistance. After a fair hearing, held at petitioner’s request, respondent Commissioner of the State Department of Social Services affirmed the determination of the local agency. The sole issue presented here is whether the State commissioner’s decision is supported by substantial evidence. The record discloses that petitioner, a full-time student at State University at Albany, used her car principally for transportation to her classes at the university; that she resides in an area in the City of Albany where bus transportation is conveniently and readily available to her; and that at least some part of the transportation between her home and the State University is provided by the university. Petitioner does not dispute that bus transportation is available to her, but, as she testified, she finds it "easier”, "feasible” and "practical” to use her car instead. It is clear, therefore, on this record, that there is substantial evidence to support respondent’s determination that petitioner’s automobile is not an essential item of property as set forth in 18 NYCRR 352.15(d), and that the automobile is a valuable asset whose sale could result in a cash surplus which could be applied to petitioner’s needs for public assistance. Accordingly, that determination must be affirmed (see Matter of Knowles v Lavine, 34 NY2d 721). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.